# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING

**EMMA JEAN KINDER,**

        Plaintiff**,**

**v.**                                         **CIVIL ACTION NO.: 5:17-CV-165**
                                              **(JUDGE STAMP)**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

        Defendant.

## REPORT AND RECOMMENDATION

On November 2, 2017, Plaintiff Emma Jean Kinder ("Plaintiff"), by counsel James Carey, Esq., filed a Complaint in this Court to obtain judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner" or "Defendant"), pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). (Compl., ECF No. 1).  On January 12, 2018, the Commissioner, by counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed an answer and the administrative record of the proceedings.  (Answer, ECF No. 6; Admin. R., ECF No. 7). On February 12, 2018, Plaintiff filed her Motion for Summary Judgment.  (Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 9. On March 13, 2018, Defendant filed a Motion to Remand the case to the Commissioner of Social Security. (Def.'s Mot. to Remand ("Def.'s Mot."), ECF No. 10).  Following review of the motions by the parties and the administrative record, the undersigned Magistrate Judge now issues this Report and Recommendation to the District Judge, and respectfully **RECOMMENDS** that Defendant's motion be **GRANTED** and this case be **REMANDED** to the Commissioner, for the reasons set forth below.

In her motion, Defendant asks this Court to 1) remand this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) to permit additional review, and to 2) enter a final judgment in accordance with Federal Rule of Civil Procedure 58. (ECF No. 10 at 1). In support, Defendant advises that the Appeals Council, upon further review, has determined that further evaluation of Plaintiff's claim is warranted. Id. Accordingly, Defendant desires to have the case remanded in order to refer the claim to an Administrative Law Judge ("ALJ") for reconsideration of Plaintiff's education level, subsequent re-application of the Medical-Vocational Guidelines using the appropriate education level, and issue a new decision. Id. at 1-2. Defendant further represents that Plaintiff was consulted by counsel and has no objection to her motion being granted. Id. at 2.

"A district court may remand a final decision of the Secretary only as provided in sentences four and six of 42 U.S.C. § 405(g)." Melkonyan v. Sullivan, 501 U.S. 89, *90, 111 S.Ct. 2157, **2159 (1991). Sentence four of 42 U.S.C. § 405(g) gives the courts the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six of 42 U.S.C. § 405(g) authorizes the court to remand in two scenarios: 1) "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer," or 2) upon a Plaintiff's "showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." When remanding under sentence six, whether upon motion by the Commissioner (1) or for new evidence shown by a Plaintiff (2), a court does not enter a final judgment; a remand under sentence four, however, requires a final judgment by the district court.

Although remand is sought now upon motion of the Commissioner – a situation ordinarily contemplated under sentence six – the Commissioner's answer has already been filed; moreover, the Commissioner's motion does not assert or address good cause. Accordingly, remand under sentence four of 42 U.S.C. § 405(g), and entry of a final judgment terminating the action in Plaintiff's favor, appears to be most appropriate in this case.

## RECOMMENDATION

In her motion, the Commissioner has conceded that her decision denying the Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income requires further evaluation, and therefore the undersigned concludes that the existing decision of the Commissioner is not supported by substantial evidence. (ECF No. 10 at 1). Accordingly, the undersigned **RECOMMENDS** that:

1. Defendant's Unopposed Motion to Remand (ECF No. 10) be **GRANTED**;[1]

2. The decision of the Commissioner be **REVERSED,** and this case be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with Defendant's motion to remand; and

3. The Clerk of Court be directed to terminate Plaintiff's pending Motion for Summary Judgment (ECF No. 9) enter judgment accordingly in Plaintiff's favor.

In addition, a "claimant who obtains a sentence-four judgment reversing the Secretary's denial of benefits meets the description of a 'prevailing party'" under 28 U.S.C. § 2412(a)(1). Shalala v. Schaefer, 509 U.S. 292, *293 (1993). 28 U.S.C. § 2142(d)(1)(B) further specifies that a prevailing party seeking an award of fees must submit an application for same **within thirty (30) days of final judgment**. Because a final administrative decision is not a "final judgment"

---

[1] Defendant's proposed order addresses granting her motion and remand of the case, but does not address reversal of the Commissioner's decision or termination of Plaintiff's pending motion. It is therefore not recommended that this matter be resolved by Defendant's proposed order, but rather by the Court's own order.

per Melkonyan, Plaintiff's thirty-day (30) time limit for application for attorney's fees **begins to run when final judgment is entered by the District Court**; *not* after the Commissioner issues a new decision following remand. Shalala v. Schaefer, 509 U.S. 292 (1993).

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Additionally, as this report and recommendation concludes the referral from the District Court, the Clerk is further **DIRECTED** to terminate the magistrate judge's association with this case.

Respectfully submitted this **March 16, 2018.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

4